**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**FREDDIE YOUNG, #MSP X-81213**                                    **PETITIONER**

**VS.**                                    **CIVIL ACTION NO. 5:11cv102-DPJ-JMR**

**CHRISTOPHER EPPS, et al.**                                    **RESPONDENT**

_____

**REPORT & RECOMMENDATION**
_____

This matter comes before the Court pursuant to the Respondent's Motion [6] to Dismiss filed August 12, 2011. The Petitioner filed his Response [9] on September 6, 2011, to which the Respondent did not file a Reply. Having considered the Respondent's Motion [6] and the Petitioner's Response [9] along with the record and all applicable law, this Court finds that Respondent's Motion should be granted and the petition dismissed.

## <u>ANALYSIS</u>

The Respondent argues that the Petition [1] is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA"). Section 2244(d) of AEDPA provides:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). A petitioner has a one-year period beginning at final judgment, subject to the tolling provision of (d)(2) and the exceptions found in (1)(B)-(D), to properly file his federal habeas petition. Thus, in "assessing the timeliness of a federal habeas petition," the date a judgment became final is critical. *Mark v. Thaler*, 646 F.3d 191, 192 (5th Cir. 2011).

Young was convicted of capital rape in the Circuit Court of Yazoo County, Mississippi and on January 7, 1993, was sentenced to life imprisonment. Ex. A attached Mot'n [6-1]. Young appealed to the Mississippi Supreme Court and on August 1, 1996, the court affirmed the lower court ruling by written opinion. Ex. B attached Mot'n [6-2]; *Young v. State*, 679 So. 2d 198 (Miss. 1996). According to his petition, and the records of the Mississippi Supreme Court Clerk's office, Young did not thereafter file a writ of certiorari with the United States Supreme Court. As a result, Young's conviction became final for purposes of § 2244(d)(1) ninety days after the state court decision, the time in which he could have sought certiorari, on October 30, 1996. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thus, unless Young presented a "properly filed" application for post-conviction relief ("PCR") during the one-year statutory period, his federal habeas corpus petition was due on or before October 30, 1997. Young did file an application for PCR with the Supreme Court of Mississippi, however that filing is dated November 24, 2010, and does not serve to toll the statute.

Under the "mailbox rule" a petitioner's *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest the Petitioner could have filed his petition was July 3, 2011, the date Young signed the petition. Pet'n [1] 16. Considering July 3, 2011, as the filing date, the petition was filed 4,994 days past the October 30, 1997, deadline. Accordingly, it is the recommendation of this Court that the Motion [6] to Dismiss be granted and the Petition [1] dismissed with prejudice.

## **RECOMMENDATION**

Young's federal habeas petition was due on or before October 30, 1997. Young filed his habeas petition, at the earliest, on July 3, 2011, some 4,994 days past the statutory deadline. Accordingly, this Court recommends that the Defendant's Motion [6] to Dismiss should be granted and the Petition [1] denied as time-barred pursuant to § 2244(d)(1).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   23rd   day of January, 2012.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE